IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| CODY BROWN, *individually and on behalf of all others similarly situated* <br> 1121 South 13th Street, Apt 2 <br> Philadelphia, PA 19147 <br><br> Plaintiff, <br><br> v. <br><br> KADENCE INTERNATIONAL, INC. <br> 1 Research Drive, Suite 130C <br> Westborough, MA 01581-3962 <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> **JURY TRIAL DEMANDED** |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Cody Brown ("Plaintiff") hereby brings this action against Defendant Kadence International, Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant unlawfully failed to pay him and other similarly-situated Marketing Helpers and Support Assistants ("Class Plaintiffs") overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*.

2. Plaintiff was an employee of Defendant employed in the positions of Marketing Helper and Support Assistant. Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that

Defendant unlawfully misclassified him and Class Plaintiffs as independent contractors under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked. Accordingly, Plaintiff contends that he and Class Plaintiffs are/were owed unpaid wages and overtime compensation which were denied them as a result of Defendant's unlawful pay practices.

3. Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7. Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant maintains a regional office location within the Commonwealth of Pennsylvania in Philadelphia, PA, and conducts business throughout the Commonwealth of Pennsylvania.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and a substantial part of the unlawful

practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

9. Plaintiff Cody Brown currently resides at 1121 South 13th Street, Apt 2., Philadelphia, PA 19147.

10. Upon information and belief, Defendant Kadence International, Inc. is a business corporation organized and existing under the laws of the State of Delaware, with a corporate headquarters at 1 Research Drive, Suite 130C, Westborough, MA 01581-3962. Upon information and belief, Defendant conducts business operations throughout the Commonwealth of Pennsylvania, where it maintains a Pennsylvania regional office location at 901 Market Street, Suite 3020, 3rd Floor, Philadelphia, PA 19107.

11. Defendant is a "private employer" and covered by the FLSA.

12. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

14. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

17. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Marketing Helper and/or Support Assistant, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on a day rate basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that he and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of misclassifying its Marketing Helpers and Support Assistants as independent contractors under the FLSA.

18. Plaintiff estimates that there are in excess of forty (40) other similarly situated Marketing Helpers and/or Support Assistants who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and/or personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

19.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as independent contractors, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

20.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22.     Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Marketing Helper and/or Support Assistant who were paid on a day rate basis and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

23. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

24. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the Class, including, but not limited to:

    a. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

    b. Whether Defendant improperly classified Plaintiff and the Class as independent contractors rather than employees under the PMWA;

    c. Whether Plaintiff and the Class were based in Pennsylvania for purposes of coverage under the PMWA;

    d. Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

    e. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

    f. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

25. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff was an employee of Defendant employed in the positions of Marketing Helper and Support Assistant who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

26. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

27. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

28. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

  A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

  B. Defendant, by failing to pay overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

  C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

29. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of

individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. Plaintiff first began his employment with Defendant in or around January 2020, when he was hired as a Marketing Helper.

32. In or around November 2020, Plaintiff assumed the additional role of Support Assistant, which job he performed contemporaneously with his role as Marketing Helper.

33. Plaintiff continued working for Defendant as a Marketing Helper and Support Assistant until his separation from employment in or around May 2021.

34. Upon information and belief, Defendant employs or has employed dozens of Marketing Helpers and/or Support Assistants during the past three (3) years, a large percentage of which are/were based in and/or performed significant services for Defendant within the Commonwealth of Pennsylvania.

35. In his capacity as Marketing Helper, Plaintiff's primary job duty involved helping Defendant's employees and/or employees of Defendant's clients to conduct field market research activities.

36. In this regard, Defendant was subcontracted to help conduct field market research regarding certain technological devices by gathering relevant information through testing, interviews, surveys, and other in-person interactions with potential consumers.

37. In this regard, Plaintiff, and, upon information and belief, Class Plaintiffs, would receive job assignments from the Kadence Management Team, who would determine which Marketing Helpers would be sent to which marketing studies, arrange their transportation, and set their work schedule.

38. Plaintiff and Class Plaintiffs would then travel to the testing locations in question, which were held either within participants' residences or, particularly after the COVID-19 pandemic hit in mid-March 2020, at commercial venues.

39. During the course of his employment, Plaintiff performed a substantial percentage of his jobs within the Commonwealth of Pennsylvania, including, but not limited to Philadelphia, in addition to jobs at locations across the United States, primarily within the three (3) major domestic markets in Atlanta, Philadelphia/New York, and Boston.

40. Defendant paid for Plaintiff's and, upon information and belief, Class Plaintiffs' lodging and travel expenses.

41. Originally, Plaintiff was compensated on a day rate basis of $400 per working day.

42. In or around November 2020, following Plaintiff's return from a COVID-19 related business slowdown, Defendant began paying Plaintiff $300 per day, plus $25 per diem.

43. In or around November 2020, Plaintiff's job duties expanded to include the additional role of Support Assistant, which primarily involved clerical and/or low-level

9

administrative tasks, such as cataloging previous participants and researching and contacting potential new venues and office space for Defendant.

44. Plaintiff received $160 per day when performing his role as Support Assistant, except when he was also performing field work that day, under which circumstances he would only receive his field day rate of $300 plus $25 per diem.

45. Even before Defendant began paying Plaintiff and Class Plaintiffs per diem pay separate from their day rate, Plaintiff, and upon information and belief, Class Plaintiffs nevertheless received reimbursement for certain out-of-pocket travel expenses, in addition to Defendant paying for their flights, lodging, and/or car rentals.

46. Defendant continued reimbursing for those travel-related expenses even after Plaintiff and Class Plaintiffs began receiving per diem separate from their day rate.

47. When Plaintiff and, upon information and belief, Class Plaintiffs arrived/arrive at a particular worksite, Defendant's Management Team held/hold meetings to provide the Marketing Helpers with instructions and an overview of the job in question.

48. Defendant's Management Team supervises, oversees, and directs the work of Defendant's Marketing Helpers, assigning each Marketing Helpers specific tasks to perform during the day.

49. Plaintiff and Class Plaintiffs typically worked between ten (10) and fourteen (14) or more hours per day, six (6) days per week, performing field work.

50. Plaintiff and other Class Plaintiffs who also performed the role of Support Assistant often worked additional hours performing Support Assistant work during field work days without receiving additional compensation.

51. Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs regularly worked well in excess of forty (40) hours per week, they did not receive any overtime compensation for overtime hours worked.

52. Plaintiff and Class Plaintiffs were classified as independent contractors by Defendant, are/were paid on a day rate basis, and are/were not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a workweek.

53. Plaintiff and Class Plaintiffs were misclassified by Defendant as independent contractors and were, in actuality, non-exempt employees of Defendant within the meaning of the FLSA and PMWA.

54. Defendant maintains/maintained significant control over the manner by which Plaintiff and Class Plaintiffs performed/perform their duties as Marketing Helpers and Support Assistants.

55. In this regard, Plaintiff and, upon information and belief, Class Plaintiffs were/are directed in their work activities by Defendant's Management Team – in particular, Kyle McGill ("Mr. McGill"), Project Executive and Alexander Castillo ("Mr. Castillo"), Project & Sales Executive – who instructed them regarding the manner in which they were to perform tasks both in the field and in their capacities as Support Assistants.

56. Plaintiff and, upon information and belief, Class Plaintiffs are/were assigned a work schedule by Defendant, who instructed Plaintiff and Class Plaintiffs when to arrive at their jobsites and controlled when they could leave for the day.

57. Upon information and belief, Plaintiff and Class Plaintiffs are/were required to perform their work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant and/or Defendant's clients.

58. For example, Plaintiff and Class Plaintiffs received highly detailed instructions for conducting the intake process for study participants, including how to set up and close down PPE stations and welcoming areas, conduct COVID-19 screening, and greet and orient participants and answer questions in accordance with a script provided by Defendant.

59. Plaintiff and Class Plaintiffs also received a Mobile Team Guide and other detailed instructions which specified the particular manner in which they were required to perform their services for Defendant.

60. Plaintiff and, upon information and belief, Class Plaintiffs, were not permitted to outsource their work or employ helpers.

61. Defendant provided Plaintiff and Class Plaintiffs with all the tools and equipment required for them to perform their job, including, but not limited to a company laptop (for Support Assistants) and a prepaid Android phone (for Marketing Helpers), along with rental cars, forklifts, and other necessary equipment rentals.

62. The market research support services performed by Plaintiff and Class Plaintiffs were and are an integral part of Defendant's market research business.

63. As evidenced by, among other things, Plaintiff's long tenure of employment with Defendant, Defendant's Marketing Helpers and Support Assistants generally do not work for Defendant for only one project, but rather for an open-ended and long-term period of time.

64. During a typical, average workweek, Plaintiff generally worked approximately eighty (80) hours, not including time spent traveling to and from Defendant's job sites away from Plaintiff's home community which required overnight accommodation.

65. For example, during the workweek of March 1, 2021 to March 7, 2021, Plaintiff and his coworkers in the position of Marketing Helper worked seven (7) days and approximately

twelve (12) to fourteen (14) hours per day, including certain compensable drive time from the hotel – where Plaintiff and his coworkers would meet in the mornings/evenings to load equipment and offload data for Defendant's client – for a total of approximately ninety-eight (98) total hours of work.

66. Despite thus working approximately fifty-eight (58) hours of overtime during the aforementioned workweek, Plaintiff received no overtime compensation. Instead, Plaintiff received only his day rate of $300 for each field day worked, plus $25 per diem.

67. Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive overtime compensation as a result of Defendant's misclassification of them as independent contractors.

68. Plaintiff and Class Plaintiffs are/were paid on a day rate basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

69. Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

70. Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

71. Plaintiff and Class Plaintiffs do not perform non-manual office work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

72. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

73. Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff and Class Plaintiffs were required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

74. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

75. Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

76. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

77. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## **FAILURE TO PAY OVERTIME COMPENSATION**

78. Paragraphs 1 through 77 are/were hereby incorporated by reference as though the same were fully set forth at length herein.

79. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

80. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

81. Defendant misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

82. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

83. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

84. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Marketing Helper and/or Support Assistant, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant

during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

  C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

  D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

  E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

  F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

  G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

  H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

  I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

85. Paragraphs 1 through 84 are/were hereby incorporated by reference as though the same were fully set forth at length herein.

86. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

87. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

88. Beyond residing in and performing remote work for Defendant in Pennsylvania, Plaintiff and, upon information and belief, Class Plaintiffs were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things, as described above, the fact that they regularly reported to and performed work for Defendant at job sites within the Commonwealth of Pennsylvania, received directives from Defendant's regional office in Philadelphia, PA, and were supervised and subject to decision-making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management.

89. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

90. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.    An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.    An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

C.    An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.    An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    /s/ Michael Groh
       Michael Murphy, Esquire
       Michael Groh, Esquire
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       TEL: 267-273-1054
       FAX: 215-525-021
       murphy@phillyemploymentlawyer.com
       mgroh@phillyemploymentlawyer.com
       Attorneys for Plaintiff

Dated:   March 22, 2022

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.